UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

MIAMI NEUROLOGICAL INSTITUTE, LLC,

        Debtor.
_____/

Case No. 17-10703-RAM

Chapter 7

SONEET R. KAPILA, TRUSTEE,

        Plaintiff,

vs.

LAURA M. FIGUEREO,

        Defendant.
_____/

Adv. Proc. No.

## COMPLAINT TO AVOID FRAUDULENT TRANSFER

The plaintiff, Soneet R. Kapila, Trustee, sues the defendant, Laura M. Figuereo, and states:

1. The plaintiff is the trustee in this chapter 7 proceeding, which was commenced by the filing of a voluntary petition on January 20, 2017, and was converted to a chapter 7 case on February 16, 2017.

2. The court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 28 U.S.C. §157(b)(1), (2)(F) and (H), and the district court's Admin. Order 2012-25 referring proceedings to this court. This is a core proceeding.

3. Venue is proper in this district pursuant to 28 U.S.C. §1408 and §1409.

4. All conditions precedent to the filing of this action have occurred.

5.  On or about August 17, 2015, the debtor wire-transferred $100,000 from its City National Bank account ***9122 to the bank account of Dr. Santiago Figuereo. The debtor posted that transfer on its ledgers as "physician compensation," not as a repayment of an insider loan.

6.  Dr. Figuereo was at the time in control of the debtor. He directed the $100,000 from the debtor to his personal account in order to further remit the funds to his adult daughter, Laura M. Figuereo, the defendant, toward her purchase of a lot and house at 3525 S.W. 173rd Way, Miramar, Florida, parcel ID #514030103540 ("the Miramar property").

7.  Dr. Figuereo did further remit the $100,000 to the defendant.

8.  The defendant used the funds for the purchase of the Miramar property, taking title on August 26, 2015, and recording the deed in Broward County Official Records, Clerk's No. 113220595 on September 10, 2015. The balance of the $435,000 was advanced by Paramount Residential Mortgage Group, Inc., to whom the defendant gave a $348,000 mortgage.

9.  The funds represented by the August 17, 2015 Transfer were intended by the debtor to be used for the defendant's purchase of the Miramar property. Dr. Figuereo acted as a mere conduit for the transfer of the funds to the defendant. However, he did not act in good faith, because he knew that (a) the debtor was already insolvent and (b) his daughter gave nothing in exchange for the $100,000.

10. *[Alternatively to paragraph 9]* The August 17, 2015 Transfer was a transfer to Dr. Figuereo under an employment contract dated January 1, 2015 and not in the ordinary course of business. The defendant was the immediate transferee of initial transferee Dr. Figuereo.

11. On September 30, 2016 the defendant sold the Miramar property to Mileidys T. Camps and Rodney Camps, for $450,000, and the purchase money mortgage she had placed on

the property was satisfied at that time, allowing her to draw the $100,000 downpayment back out of the property.

12. Throughout 2015 the debtor was engaged in over-expansion of high-cost locations, paying too much to physicians, and accepting too many patients for whom the debtor's collections were dependent on letters of protection or PIP coverage. Income was slowing, and the debtor was in default of several leases including its main clinic and other large contracts. The debtor fell so short in its cash flow by mid-2015 that it had to enter into settlement negotiations with some landlords, and to increase its borrowing. It failed to remit the income taxes and Social Security payments it had withheld from employees' payroll in the fourth quarter. Throughout 2015, the debtor's losses mounted and its negative net worth grew.

### Count 1
[Avoidance of Intentional Fraudulent Transfer: 11 U.S.C. §548(a)(1)(A)]

The allegations in paragraphs 1 through 12 are realleged as if set forth in this count.

13. This is an action seeking to avoid a fraudulent transfer pursuant to 11 U.S.C. §548(a) and to recover the value of the transferred interest pursuant to 11 U.S.C. §550(a).

14. The August 17, 2015 Transfer was made to or for the benefit of the defendant.

15. The August 17, 2015 Transfer was made by the debtor with the actual intent to hinder, delay or defraud the debtor's creditors. When Dr. Figuereo caused the transfer to be made, he knew that the debtor could not afford to do without the monies and that it was not reasonable to call it "compensation" in light of the debtor's ongoing losses.

WHEREFORE, the plaintiff demands judgment against the defendant avoiding the August 17, 2015 Transfer pursuant to 11 U.S.C. §548(a)(1)(A), and awarding $100,000, plus interest from August 17, 2015, to the estate pursuant to 11 U.S.C. §550(a)(1) or (2).

**Count 2**
[Avoidance of Constructively Fraudulent Transfer: 11 U.S.C. §548(a)(1)(B)]

The allegations in paragraphs 1 through 12 are realleged as if set forth in this count.

16.     This is an action seeking to avoid a fraudulent transfer pursuant to 11 U.S.C. §548(a).

17.     The August 17, 2015 Transfer was made to or for the benefit of the defendant.

18.     The August 17, 2015 Transfer was made for less than reasonably equivalent value.

19.     At the time of the August 17, 2015 Transfer, the debtor was insolvent or the debtor became insolvent as a result of the August 17, 2015 Transfer.

20     At the time of the August 17, 2015 Transfer, the debtor intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

21.     At the time of the August 17, 2015 Transfer, the debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital.

WHEREFORE, the plaintiff demands judgment against the defendant avoiding the August 17, 2015 Transfer pursuant to 11 U.S.C. §548(a)(1)(B), and awarding $100,000 plus interest from August 17, 2015 to the estate pursuant to 11 U.S.C. §550(a)(1) or (2).

**Count 3**
[Avoidance of Constructively Fraudulent Transfer: Fla. Stat. §726.105(1)(b)]

The allegations in paragraphs 1 through 12 are realleged as if set forth in this count.

22.     This is an action seeking to avoid a transfer pursuant to 11 U.S.C. §544(b).

23.     At the time of the August 17, 2015 Transfer, a creditor existed who held an unsecured claim against the debtor, including the Internal Revenue Service.

24.     The August 17, 2015 Transfer was made without receiving a reasonably equivalent

value in exchange.

25. The August 17, 2015 Transfer was made at a time when the debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.

26. The August 17, 2015 Transfer was made at a time when the debtor intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

WHEREFORE, the plaintiff demands judgment against the defendant avoiding the August 17, 2015 Transfer pursuant to 11 U.S.C. §544(b), based on Fla. Stat. §726.105(1)(b) and §726.108, and awarding $100,000 plus interest from August 17, 2015 to the estate pursuant to 11 U.S.C. §550(a)(1) or (2).

### Count 4
[Avoidance of Constructively Fraudulent Transfer: Fla. Stat. §726.106(1)]

The allegations in paragraphs 1 through 12 are realleged as if set forth in this count.

27. This is an action seeking to avoid a transfer pursuant to 11 U.S.C. §544(b).

28. The August 17, 2015 Transfer was made to or for the benefit of the defendant.

29. At the time of the August 17, 2015 Transfer, a creditor existed who held an unsecured claim against the debtor.

30. The August 17, 2015 Transfer was made without receiving a reasonably equivalent value in exchange.

31. The August 17, 2015 Transfer was made while the debtor was insolvent or the debtor became insolvent as a result of the transfer.

WHEREFORE, the plaintiff demands judgment against the defendant avoiding the August

17, 2015 Transfer pursuant to 11 U.S.C. §544(b), based on Fla. Stat. §726.106(1), and §726.108, and awarding $100,000 plus interest from August 17, 2015 to the estate pursuant to 11 U.S.C. §550(a)(1) or (2).

Dated: January 22, 2019

GRAYROBINSON, P.A.
Counsel for Plaintiff
401 E. Las Olas Blvd., Suite 1000
Fort Lauderdale, FL  33301
Ph. (954) 761-8111—Fax (954) 761-8112

s/Patrick S. Scott
Patrick S. Scott
Fla. Bar No. 290025
patrick.scott@gray-robinson.com